UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| H.E. McGONIGAL INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:15-cv-00549-TWP-DML |
| ) | |
| HARLEYSVILLE LAKE STATES ) | |
| INSURANCE COMPANY, and ) | |
| COREPOINTE INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |

## ORDER ON DEFENDANT HARLEYSVILLE'S MOTION TO DISMISS

This matter is before the Court on Defendant Harleysville Lake States Insurance Company's ("Harleysville") Motion to Dismiss Count II of the Complaint for Failure to State a Claim (Filing No. 5). Plaintiff H.E. McGonigal, Inc. ("McGonigal") is an Indiana car dealership company. In January 2015, McGonigal brought this action against Harleysville Insurance and CorePointe Insurance Company ("CorePointe"), asserting claims for breach of contract and breach of the duty of good faith and fair dealing in connection with insurance policies sold by Harleysville and CorePointe to McGonigal (Filing No. 1-1). Harleysville moves to dismiss the claim for breach of the duty of good faith and fair dealing on the basis that the Complaint fails to state a claim for bad faith against Harleysville. For the reasons below, the Court **GRANTS** Harleysville's Motion to Dismiss.

### I.  BACKGROUND

McGonigal, a car dealership company located in Kokomo, Indiana, purchased insurance policies from both Harleysville and CorePointe to cover losses incurred in its business. On or about January 18, 2013, McGonigal learned that approximately sixteen vehicles were fraudulently

purchased with funds drawn on a McGonigal account, and McGonigal received no compensation for the vehicles. After discovering the loss, McGonigal submitted insurance claims to both Harleysville and CorePointe in accordance with the policies' terms. Even though McGonigal complied with the terms of the policies, and despite the loss being a loss covered by the policies, Harleysville and CorePointe denied McGonigal's claims.

On January 7, 2015, McGonigal filed a Complaint in state court against both Harleysville and CorePointe, seeking coverage for the loss and damages for the insurers' breach of contract and failure to act in good faith and bad faith actions. ([Filing No. 1-1](#)). Harleysville filed its Notice of Removal, in which CorePointe joined, thereby removing the matter to this Court. Six days later, on April 13, 2015, Harleysville filed its Motion to Dismiss, asserting that the Complaint fails to provide any factual basis to support a claim of insurance bad faith.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the

elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.  DISCUSSION

McGonigal asserts that Harleysville owed it a duty of good faith and fair dealing in processing its insurance claim. Indeed, as established in *Erie Insurance Co. v. Hickman*, 622 N.E.2d 515, 519 (Ind. 1993), in Indiana, insurers have a duty to deal with their policyholders in good faith. However, as the Indiana Supreme Court pointed out in *Hickman*, "this new cause of action does not arise every time an insurance claim is erroneously denied." *Id.* at 520.

> For example, a good faith dispute about the amount of a valid claim or about whether the insured has a valid claim at all will not supply the grounds for a recovery in tort for the breach of the obligation to exercise good faith. This is so even if it is ultimately determined that the insurer breached its contract. That insurance companies may, in good faith, dispute claims, has long been the rule in Indiana.

*Id.* Therefore, under Indiana law, a plaintiff policyholder may bring a claim for breach of the insurance contract when an insurer erroneously denies a claim, and it may bring a separate claim for bad faith when an insurer breaches its duty of good faith and fair dealing. Because these two claims are separate and an insurer can erroneously deny a claim in good faith, a plaintiff must

plead allegations beyond just a simple breach of contract based on an erroneous denial of an insurance claim in order to sufficiently plead a claim for insurance bad faith.

Turning to the pleadings in this matter, Count II of the Complaint alleges that Harleysville breached its duty of good faith and fair dealing by:

> a) delaying and failing to properly investigate McGonigal's insurance claim; b) by making an unfounded refusal to pay proceeds under the Harleysville insurance policies; c) by failing to process and pay McGonigal's insurance claim in a timely manner; d) by improperly delaying making payment to McGonigal on its insurance claim; e) by deceiving McGonigal as to the actual insurance coverage and claim process; f) by failing to settle a claim that in good faith cannot be disputed; g) by denying coverage without a rational principle basis for doing so; and h) by compelling McGonigal to file this action to recover under the Harleysville insurance policies.

([Filing No. 1-1 at 5](Filing No. 1-1 at 5).)  In conclusory fashion, McGonigal alleges that "Harleysville's actions constitute malice, fraud, gross negligence, and oppressiveness," which caused damage to McGonigal ([Filing No. 1-1 at 5](Filing No. 1-1 at 5)).

Harleysville argues that McGonigal's Complaint fails to state a claim for insurance bad faith because there are no factual allegations that support such a claim and the allegations simply amount to legal conclusions and a threadbare recitation of the elements of the claim.  In response, McGonigal recites the procedural history of the case, summarizing Harleysville's argument, pointing out case law on Rule 12(b)(6), and then simply restates the allegations from the Complaint.

A review of the Complaint reveals that McGonigal pled factual allegations to support a breach of contract claim based on an erroneous denial of an insurance claim, but the factual allegations end there.  They do not support a separate claim for insurance bad faith.  There are no factual allegations to explain how or when Harleysville (1) delayed or failed to properly investigate the insurance claim, (2) made an unfounded refusal to pay policy proceeds, (3) failed to timely

4

process and pay the insurance claim, (4) improperly delayed making payment to McGonigal on its insurance claim, (5) deceived McGonigal as to the actual insurance coverage and claims process, (6) failed to settle a claim that in good faith could not be disputed, or (7) denied coverage without a rational, principled basis for doing so.

The Complaint fails to allege any conduct by Harleysville other than the legal conclusion that Harleysville "wrongfully denied" coverage. The Complaint does not allege how McGonigal suffered the loss of sixteen vehicles, what policy provisions provide coverage for such a loss, when McGonigal submitted its claim for coverage, when Harleysville processed the claim and denied coverage, or Harleysville's basis for denying McGonigal's insurance claim. While "detailed factual allegations" are not required to overcome a Rule 12(b)(6) motion, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

Courts dismiss claims under Rule 12(b)(6) when the pleadings provide only a recitation of the elements of a claim without factual support. Indeed, McGonigal's obligation to provide grounds for relief requires more than labels and conclusions. McGonigal's Complaint alleges only legal conclusions and the elements of a claim for bad faith; this is not enough to support a claim for insurance bad faith.

### IV.   CONCLUSION

For the foregoing reasons, Harleysville's Motion to Dismiss (Filing No. 5) is **GRANTED**. The claim for insurance bad faith against Harleysville, Count II of McGonigal's Complaint, is dismissed without prejudice.

**SO ORDERED.**

Date: 10/26/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Edward F. Harney, Jr.
HUME SMITH GEDDES GREEN & SIMMONS
eharney@humesmith.com

John J. Piegore
SANCHEZ DANIELS & HOFFMAN LLP
jpiegore@sanchezdh.com

Timothy V. Hoffman
SANCHEZ DANIELS & HOFFMAN LLP
thoffman@sanchezdh.com

Joseph Andrew Samreta
SKILES DETRUDE
jsamreta@skilesdetrude.com

Richard Robert Skiles
SKILES DETRUDE
rskiles@skilesdetrude.com