**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| H.E. McGONIGAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:15-cv-00549-TWP-DML |
| | ) | |
| HARLEYSVILLE LAKE STATES | ) | |
| INSURANCE COMPANY, and | ) | |
| COREPOINTE INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANT COREPOINTE'S MOTION TO DISMISS

This matter is before the Court on Defendant CorePointe Insurance Company's ("CorePointe") Motion to Dismiss Count IV of the Complaint for Failure to State a Claim (Filing No. 45). Plaintiff H.E. McGonigal, Inc. ("McGonigal") is an Indiana car dealership company. In January 2015, McGonigal brought this action against CorePointe and Harleysville Lake States Insurance Company ("Harleysville"), asserting claims for breach of contract and breach of the duty of good faith and fair dealing in connection with insurance policies sold by CorePointe and Harleysville to McGonigal (Filing No. 1-1). CorePointe moves to dismiss the claim for breach of the duty of good faith and fair dealing on the basis that the Complaint fails to state a claim for bad faith against CorePointe. For the reasons below, the Court **GRANTS** CorePointe's Motion.

## I. BACKGROUND

McGonigal is an Indiana car dealership company located in Kokomo, Indiana. CorePointe is an insurance company based out of Birmingham, Michigan, and Harleysville is an insurance company based out of Harleysville, Pennsylvania. McGonigal purchased insurance policies from both CorePointe and Harleysville to cover losses incurred in its business.

On or about January 18, 2013, McGonigal learned that approximately sixteen vehicles were fraudulently purchased with funds drawn on a McGonigal account, and McGonigal received no compensation for the vehicles.  After discovering the loss, McGonigal submitted insurance claims to both CorePointe and Harleysville in accordance with the insurance policies' terms.  Even though McGonigal complied with the terms of the insurance policies, and despite the loss being a loss covered by the policies, CorePointe and Harleysville denied McGonigal's claims.

On January 7, 2015, McGonigal filed a Complaint in state court against both CorePointe and Harleysville, seeking coverage for the loss and damages for the insurers' breach of contract and failure to act in good faith (Filing No. 1-1).  On March 17, 2015, CorePointe filed its Answer to the Complaint in state court (Filing No. 1-11).  Then on April 7, 2015, Harleysville filed its Notice of Removal, in which CorePointe joined, thereby removing the matter to this Court (Filing No. 1).  Six days later, on April 13, 2015, Harleysville filed a Motion to Dismiss, asserting that the Complaint failed to provide any factual basis to support a claim of insurance bad faith (Filing No. 5).  On October 26, 2015, the Court granted Harleysville's motion to dismiss Count II of the Complaint—the bad faith claim against Harleysville (Filing No. 41).  CorePointe then filed its Motion to Dismiss Count IV of the Complaint on January 4, 2016, asserting the same argument advanced by Harleysville—the Complaint fails to provide any factual basis to support a claim of insurance bad faith.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to move to dismiss a complaint that has failed to "state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  When deciding a motion to dismiss under Rule 12(b)(6), the Court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff.  *Bielanski v. County of Kane*,

550 F.3d 632, 633 (7th Cir. 2008). However, courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 658 (7th Cir. 2002).

The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Id.*; *see also Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). The allegations must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. Stated differently, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"A Rule 12(b)(6) motion filed after an answer has been filed is to be treated as a Rule 12(c) motion for judgment on the pleadings and can be evaluated under the same standard as a Rule 12(b)(6) motion." *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 756 n.1 (7th Cir. 2006). *See also Alioto v. Town of Lisbon*, 651 F.3d 715, 718 (7th Cir. 2011) ("The defendants styled the [motions] Rule 12(b)(6) motions, but in reality the motions were for judgment on the pleadings, Fed. R. Civ. P. 12(c), because the defendants filed answers. *See* Fed. R. Civ. P. 12(b)

3

('A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.'); Fed. R. Civ. P. 12(h)(2)(B) (a motion for failure to state a claim may be brought in a Rule 12(c) motion).  The "misstyling does not alter our analysis."). Where a defendant's "motion for judgment on the pleadings challenge[s] the sufficiency of plaintiff's complaint . . . , the standards governing their Rule 12(c) motion are the same as those governing a Rule 12(b)(6) motion to dismiss." *Gutierrez v. Peters*, 111 F.3d 1364, 1368 (7th Cir. 1997).  Because CorePointe filed an Answer, its Rule 12(b)(6) Motion to Dismiss is treated as a Rule 12(c) motion for judgment on the pleadings, but the Court still utilizes the same standards governing 12(b)(6) motions.

## III.  DISCUSSION

McGonigal asserts that CorePointe owed it a duty of good faith and fair dealing in processing its insurance claim.  Indeed, as established in *Erie Insurance Co. v. Hickman*, 622 N.E.2d 515, 519 (Ind. 1993), in Indiana, insurers have a duty to deal with their policyholders in good faith.  However, as the Indiana Supreme Court pointed out in *Hickman*, "this new cause of action does not arise every time an insurance claim is erroneously denied." *Id.* at 520.

> For example, a good faith dispute about the amount of a valid claim or about whether the insured has a valid claim at all will not supply the grounds for a recovery in tort for the breach of the obligation to exercise good faith. This is so even if it is ultimately determined that the insurer breached its contract. That insurance companies may, in good faith, dispute claims, has long been the rule in Indiana.

*Id*. Therefore, under Indiana law, a plaintiff policyholder may bring a claim for breach of the insurance contract when an insurer erroneously denies a claim, and it may bring a separate claim for bad faith when an insurer breaches its duty of good faith and fair dealing.  Because these two claims are separate and an insurer can erroneously deny a claim in good faith, a plaintiff must plead allegations beyond just a simple breach of contract based on an erroneous denial of an insurance claim in order to sufficiently plead a claim for insurance bad faith.

Turning to the pleadings in this matter, the Court again notes that Harleysville requested dismissal of McGonigal's bad faith claim on the ground that the Complaint failed to provide any factual basis to support a claim of insurance bad faith.  The Court granted that motion to dismiss.  (*See* Filing No. 41).  A review of the pleadings contained in McGonigal's Complaint reveals that the pleadings against CorePointe are identical to the deficient pleadings against Harleysville.  Count IV of the Complaint alleges that CorePointe breached its duty of good faith and fair dealing by:

> a) delaying and failing to properly investigate McGonigal's insurance claim; b) by making an unfounded refusal to pay proceeds under the CorePointe insurance policies; c) by failing to process and pay McGonigal's insurance claim in a timely manner; d) by improperly delaying making payment to McGonigal on its insurance claim; e) by deceiving McGonigal as to the actual insurance coverage and claim process; f) by failing to settle a claim that in good faith cannot be disputed; g) by denying coverage without a rational principle basis for doing so; and h) by compelling McGonigal to file this action to recover under the CorePointe insurance policy.

(Filing No. 1-1 at 7–8.)  Then in conclusory fashion, McGonigal alleges that "CorePointe's actions constitute malice, fraud, gross negligence, and oppressiveness," which caused damage to McGonigal (Filing No. 1-1 at 8).

CorePointe argues that McGonigal's Complaint fails to state a claim for insurance bad faith because there are no factual allegations that support such a claim and the allegations simply amount to legal conclusions and a threadbare recitation of the elements of the claim.  In response, McGonigal recites the procedural history of the case, summarizes CorePointe's argument, points out case law on Rule 12(b)(6), and then simply restates the allegations from the Complaint.

A review of the Complaint reveals that McGonigal pled factual allegations to support a breach of contract claim based on an erroneous denial of an insurance claim, but the factual allegations end there.  They do not support a separate claim for insurance bad faith.  There are no

factual allegations to explain how or when CorePointe (1) delayed or failed to properly investigate the insurance claim, (2) made an unfounded refusal to pay policy proceeds, (3) failed to timely process and pay the insurance claim, (4) improperly delayed making payment to McGonigal on its insurance claim, (5) deceived McGonigal as to the actual insurance coverage and claims process, (6) failed to settle a claim that in good faith could not be disputed, or (7) denied coverage without a rational, principled basis for doing so.

The Complaint fails to allege any conduct by CorePointe other than the legal conclusion that CorePointe "wrongfully denied" coverage.  The Complaint does not allege how McGonigal suffered the loss of sixteen vehicles, what policy provisions provide coverage for such a loss, when McGonigal submitted its claim for coverage, when CorePointe processed the claim and denied coverage, or CorePointe's basis for denying McGonigal's insurance claim.  While "detailed factual allegations" are not required to overcome a Rule 12(b)(6) motion, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient. *Twombly*, 550 U.S. at 555.

Courts dismiss claims under Rule 12(b)(6) when the pleadings provide only a recitation of the elements of a claim without factual support.  The Court uses this same standard for a Rule 12(c) motion for judgment on the pleadings. *McMillan*, 455 F.3d at 756 n.1.  McGonigal's obligation to provide grounds for relief requires more than labels and conclusions.  McGonigal's Complaint alleges only legal conclusions and the elements of a claim for bad faith; this is not enough to support a claim for insurance bad faith.

## IV.   CONCLUSION

For the foregoing reasons, CorePointe's Motion to Dismiss Count IV of the Complaint for Failure to State a Claim (Filing No. 45) is **GRANTED** pursuant to Rule 12(c).  The claim for

insurance bad faith against CorePointe, Count IV of McGonigal's Complaint, is dismissed. Because of McGonigal's delay and lack of diligence in pursuing its claim and the potential prejudice to Defendants, as discussed more fully in the Court's Order denying McGonigal's Motion to Amend the Complaint (Filing No. 66), Count IV of the Complaint is dismissed with prejudice.

**SO ORDERED.**

Date: 8/31/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Edward F. Harney, Jr.
HUME SMITH GEDDES GREEN & SIMMONS
eharney@humesmith.com

John J. Piegore
SANCHEZ DANIELS & HOFFMAN LLP
jpiegore@sanchezdh.com

Timothy V. Hoffman
SANCHEZ DANIELS & HOFFMAN LLP
thoffman@sanchezdh.com

Joseph Andrew Samreta
SKILES DETRUDE
jsamreta@skilesdetrude.com

Richard Robert Skiles
SKILES DETRUDE
rskiles@skilesdetrude.com