# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| H.E. McGONIGAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-00549-TWP-DML |
| | ) |
| HARLEYSVILLE LAKE STATES INSURANCE | ) |
| COMPANY, and COREPOINTE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

## ENTRY DENYING PLAINTIFF'S MOTION TO RECONSIDER

This matter is before the Court on Plaintiff H.E. McGonigal, Inc.'s ("McGonigal") Motion to Reconsider filed pursuant to Federal Rule of Civil Procedure 54(b) (Filing No. 69). Following motions to dismiss filed by Defendants Harleysville Lake States Insurance Company ("Harleysville") and CorePointe Insurance Company ("CorePointe"), the Court dismissed McGonigal's claims for insurance bad faith against Harleysville and CorePointe (Filing No. 41; Filing No. 68). The Court also denied McGonigal's request for leave to amend its Complaint because of McGonigal's lack of diligence in pursuing and pleading its bad faith claims and the unfair prejudice that would result against Harleysville and CorePointe (Filing No. 66). McGonigal asks the Court to reconsider the dismissal Orders and the Order denying leave to amend the Complaint. For the following reasons, the Court **DENIES** McGonigal's Motion to Reconsider.

## I. LEGAL STANDARD

This Motion is properly classified as a motion to reconsider under Federal Rule of Civil Procedure 54(b) because no final judgment has been entered in this case. *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims or the

rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities").

The Court applies a similar standard as applied to motions to alter or amend a judgment under Rule 59(e). Motions to reconsider filed pursuant to Rule 54(b) or Rule 59(e) are for the purpose of correcting manifest errors of law or fact or to present newly discovered evidence not available at the time of briefing, and a motion to reconsider an order under Rule 54(b) is judged by largely the same standard as a motion to alter or amend a judgment under Rule 59(e). *Katz-Crank v. Haskett*, 2014 U.S. Dist. LEXIS 95144, at *6 (S.D. Ind. July 14, 2014); *Woods v. Resnick*, 725 F. Supp. 2d 809, 827–28 (W.D. Wis. 2010).

Motions to reconsider "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *State Farm Fire & Cas. Co. v. Nokes*, 263 F.R.D. 518, 526 (N.D. Ind. 2009). The motion is to be used "where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).

The purpose of a motion for reconsideration is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). The motion "will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to

recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted).

"Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004) (citation and quotation marks omitted). Relief pursuant to a motion to reconsider is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008).

## II. DISCUSSION

The Court provides a brief background of this case to begin its discussion. In January 2015, McGonigal brought this action against Harleysville and CorePointe, asserting claims for breach of contract and breach of the duty of good faith and fair dealing in connection with insurance policies sold by Harleysville and CorePointe to McGonigal. McGonigal is an Indiana car dealership company located in Kokomo, Indiana. CorePointe is an insurance company based out of Birmingham, Michigan, and Harleysville is an insurance company based out of Harleysville, Pennsylvania. McGonigal purchased insurance policies from both Harleysville and CorePointe to cover losses incurred in its car dealership business.

Around January 18, 2013, McGonigal learned that approximately sixteen vehicles were fraudulently purchased with funds drawn on a McGonigal account, and McGonigal received no compensation for the vehicles. After discovering the loss, McGonigal submitted insurance claims to both Harleysville and CorePointe in accordance with the policies' terms. Even though McGonigal allegedly complied with the terms of the policies, and despite the loss allegedly being a loss covered by the policies, Harleysville and CorePointe denied McGonigal's claims.

3

Because of the denial of the claims, McGonigal filed a Complaint in this Court, seeking coverage for the loss and damages for the insurers' breach of contract and failure to act in good faith. On April 13, 2015, Harleysville filed a motion to dismiss, asserting that the Complaint failed to provide any factual basis to support a claim of insurance bad faith ([Filing No. 5](#)). On October 26, 2015, the Court granted Harleysville's motion to dismiss the bad faith claim against Harleysville ([Filing No. 41](#)). On January 4, 2016, CorePointe filed its motion to dismiss the bad faith claim asserted against CorePointe, asserting the same argument advanced by Harleysville— that the Complaint failed to provide any factual basis to support a claim of insurance bad faith ([Filing No. 45](#)).

More than a month after CorePointe's motion to dismiss was filed and almost four months after the Court's Order dismissing the bad faith claim against Harleysville, on February 23, 2016, McGonigal filed a motion requesting leave to amend its Complaint regarding its bad faith claims ([Filing No. 49](#)). This motion was filed after the deadline to amend the pleadings had expired. On July 18, 2016, the Court denied McGonigal's motion to amend the Complaint because of McGonigal's lack of diligence in pursuing and pleading its bad faith claims and the unfair prejudice that would result against Harleysville and CorePointe ([Filing No. 66](#)). Then on August 31, 2016, the Court granted CorePointe's motion to dismiss the bad faith claim asserted against CorePointe ([Filing No. 68](#)). McGonigal filed its Motion to Reconsider, asking the Court to vacate or amend the two dismissal Orders and the Order denying leave to amend the Complaint.

In its Motion to Reconsider, McGonigal argues that the Court improperly required a heightened pleading standard for its insurance bad faith claim when the Court granted the Defendants' motions to dismiss. McGonigal further argues that the Court erred when it disallowed

amendment of the Complaint because it should have been allowed to plead facts required by the Court's Orders on the motions to dismiss.

The Defendants respond that McGonigal is improperly rehashing its old arguments and simply arguing that the Court erred in its reasoning, neither of which warrants reconsideration. The Defendants further point out that the Court did not require a heightened pleading standard for the insurance bad faith claim, as McGonigal now argues.

While the particularity required by Federal Rule of Civil Procedure 9(b) for fraud claims is not applicable to claims of insurance bad faith, case law is abundantly clear that a recitation of the elements of a cause of action or mere labels are not sufficient under the pleading requirements of Rule 8. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (although "detailed factual allegations" are not required, mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient); *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 603 (7th Cir. 2009) ("it is not enough to give a threadbare recitation of the elements of a claim without factual support"). McGonigal failed to provide anything beyond a recitation of the elements of a cause of action or mere labels for its bad faith claim. While the Court understands McGonigal's disappointment in the Court's reasoning and decision in the dismissal Orders, such disappointment is not a sufficient basis to prevail on a motion to reconsider. *See Oto*, 224 F.3d at 606 (manifest error "is not demonstrated by the disappointment of the losing party").

McGonigal's arguments are simply a disagreement with the Court's reasoning, not with the Court's apprehension or with the legal standards applied. The Court did not require a heightened pleading standard for McGonigal's bad faith claims, and McGonigal has not shown an error of law or fact. Thus, McGonigal's Motion to Reconsider is not warranted.

Additionally, McGonigal has failed to show any error of law or fact regarding the Court's denial of his motion for leave to amend the Complaint. Rather, it argues a simple disappointment with the Court's reasoning. Regarding that motion, the Court applied the correct legal standard, correctly understood the facts, and reasoned that McGonigal was not diligent in seeking leave to amend its Complaint. The Court further reasoned that allowing amendment at that late stage would unfairly prejudice the Defendants. The Court committed no error regarding the law or the facts that justifies reconsideration.

The Court acknowledges McGonigal's assertion of new facts regarding the September 2016 indictment of its employee Randy Hoover. However, the Court briefly notes that these "new facts" do not support an insurance bad faith claim based on the facts of this case where the insurer investigated and denied the claim in 2013. The Court also reminds the parties that insurers owe their policyholders a duty of good faith and fair dealing when processing insurance claims. However, "this new cause of action does not arise every time an insurance claim is erroneously denied." *Erie Insurance Co. v. Hickman*, 622 N.E.2d 515, 520 (Ind. 1993).

### III.  CONCLUSION

McGonigal's motion to reconsider demonstrates his disappointment in the Court's two dismissal Orders ([Filing No. 41](); [Filing No. 68]()), and the Order denying leave to amend the Complaint ([Filing No. 66]()), not a manifest error of law or fact that would warrant alteration of or amendment to the challenged orders. Accordingly, for the reasons stated above, McGonigal's Motion to Reconsider ([Filing No. 69]()) is **DENIED**.

**SO ORDERED.**

Date: 4/18/2017

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Joseph Andrew Samreta
SKILES DETRUDE
jsamreta@skilesdetrude.com

Richard Robert Skiles
SKILES DETRUDE
rskiles@skilesdetrude.com

Edward F. Harney, Jr.
HUME SMITH GEDDES GREEN & SIMMONS
eharney@humesmith.com

John J. Piegore
SANCHEZ DANIELS & HOFFMAN LLP
jpiegore@sanchezdh.com

Timothy V. Hoffman
SANCHEZ DANIELS & HOFFMAN LLP
thoffman@sanchezdh.com