IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| H.E. McGONIGAL INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-0549-TWP-DML |
| | ) |
| HARLEYSVILLE LAKE STATES | ) |
| INSURANCE COMPANY and | ) |
| COREPOINTE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM IN SUPPORT OF MOTION
TO CERTIFY INTERLOCUTORY APPEAL

I. Introduction

H. E. McGonigal Inc. (McGonigal") submits that this Court's Entry Denying Plaintiffs Motion to Reconsider [Dkt. 82] is erroneous and should be certified for immediate appeal. The entry is contrary to decisions of the district courts in Indiana holding that bad faith in insurance suits do "not need to be pled with particularity," and that requiring more than notice of the claim, imposes "a fact pleading requirement" upon a plaintiff contrary to controlling authority. *Skinner v. Metro Life Ins. Co.,* 829 F. Supp. 2d 669, 678 (N. Dist. Ind. 2010); *Sanyo Laser Prods., v. Royal Ins. Co. of Am.,* 2003 U.S. Dist. LEXIS 20129 (S. Dist. Ind. 2003) (McKinney, Chief Judge). Similarly, notice pleading of bad faith claims in the insurance context has been approved by other district courts within the Seventh Circuit. *Unites States ex rel. James Cape & Sons Co. v. Am. Home Assur. Co.,* 2004

U.S. Dist. LEXIS 24212. Viewed in context, denial of the motion to reconsider constitutes manifest error.

II.    **The Entry is Appropriate for Appeal under 28 U.S.C. § 1292(b).**

Certification of an interlocutory appeal to a Circuit Court of Appeals requires meeting four criteria: (a) the matter presents a "pure" question of law; (b) the question must be controlling; (c) it must be contestable; and (d) its resolution must promise to speed up the litigation. *Arenholz v. Board of Trustees,* 219 F.3d 674, 675 (7th Cir. 2000). McGonigal's request meets these tests.

The legal question presented here is simple: does pleading "bad faith" in the context of a dispute between an insured and insurer require anything more than "notice pleading?" Two respected District Court judges in Indiana have concluded it does not. District courts in other jurisdictions have applied the same rule. *Cape & Sons Co.,* 2004 U.S. Dist. LEXIS 24212. *See also, Otter Prods., LLC v. Treefrog Devs., Inc.,* 2012 U.S. Dist. LEXIS 140456 (Col. Dist. Ct. 2012) (allegations of bad faith in patent litigation; motion to dismiss bad faith claims on pleading grounds denied). This is precisely the type of issue that Judge Posner found suitable for interlocutory appeal because it is an issue that the Seventh Circuit can decide "quickly and cleanly without having to study the record." *Ahrenholz,* 219 F. 3d at 677. Moreover, it is a question which has not been confronted "head on" by the 7th Circuit.

Likewise, the question is both "controlling" and "contestable." A legal question is controlling "if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushi-*

*Montgomery Assoc., Inc.,* 86 F.3d 656, 659 (7th Cir. 1996). Here the "bad faith" claim is central to McGonigal's quest for complete relief. McGonigal seeks to collect the full measure of indemnity provided under the insurance contract it purchased.

Having been put to the task of litigating its contractual entitlement, it may not recover the full benefit of its contractual bargain, absent the additional damages the bad faith claim presents.[1] Litigation of the bad faith issue on the merits now will certainly expedite this case. Otherwise, McGonigal will return to this forum after what it legitimately believes will be a successful appeal on this issue. Delaying that appeal until after conclusion of the contract claims raises the specter of serial litigation.

This issue is "contestable" because it presents an issue where "there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Aside from citation to *Erie Insurance Co. v. Hickman,* 622 N.E. 2d 515 (Ind. 1993), referencing the elements of a bad faith claim, neither defendant cited authority specifically dealing with the appropriate standard applied to pleading a bad faith claim.

Here McGonigal presents this court with "on point" authority for the proposition that a heightened standard of pleading is not necessary when raising a claim for bad faith in a district court. Squarely confronting the question of bad faith between insured and insurer, Judge McKinney held "because Sanyo's pleading contains enough to allow Royal to understand the gravamen of the complaint and

---

[1] McGonigal maintains it is entitled to attorney's fees regardless of a finding of bad faith. Were it otherwise, it would not be completely indemnified for its loss. Nevertheless, pursuit of the bad faith claim provides the clearest path to the recovery of its legal fees and expenses in this litigation.

3

respond to it, the court denies Royal's Motion to Dismiss Count III." *Sanyo,* LEXIS 20219 at 16. Both Judge Moody of the Northern District and Judge McKinney concluded that disposition of a bad faith claim is "more appropriate at the summary judgment stage than on a motion to dismiss." *Skinner,* 829 F. Supp. 2d 669, 678. (citing, *Sanyo* LEXIS 20129 at 13).

### III. The District Court Decisions Cited Above are Entitled to Deference and Should Control over the General Authority Cited by Defendants.

In the motions to dismiss, defendants rely upon authority dealing with pleading standards generally. Further, although Harleysville cited both *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Erickson v. Pardus,* 551 U.S. 89 (2007), it failed to point out that *Erickson,* which followed *Twombly* by little more than a week, reaffirmed the rule of FRCP 8 that "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Airborne Beepers & Video Inc. v. AT & T Mobility* 499 F. 3d 633, 667 (7th Cir. 2007) (quoting *Erickson* at 93). The complaint in *Bissessur v. Indiana University Board of Trustees* was dismissed because the plaintiff could not establish "that he had a cognizable protected interest in a continuing education at Indiana University." 581 F 3d 599, 601 (7th Cir. 2009).[2] These cases are a far cry from the analysis of "bad faith" in the insurance context, which is the substantive creation of Indiana case law as enunciated by the Indiana Supreme Court and Court of Appeals.

---

[2] Dismissal on plaintiff's ***fourth*** motion for leave to file an amended complaint following the trial court's "detailed" directives to plaintiff on how to re-plead.

The arguments raised by defendants in their respective motions to dismiss are virtually identical to those rejected in *Sanyo* and *Skinner* discussed above. Although *Skinner* is a District Court opinion, it is noteworthy that it was decided three years **after** both *Twombly* and *Erickson*. Judge Moody wrote:

> [B]ad faith does not need to be pled with particularity and the factual allegations Linda makes could state a plausible claim upon which relief could be granted. Again MetLife's arguments for dismissing this claim would be better taken at a later stage in the litigation. Its motion and reply are peppered with statements like "clear and convincing evidence" and "Linda has not provided medical proof." (DE # 12 at 9; DE # 8 at 8.) She does not need to prove anything at this stage. In a comparable case before the District Court for the Southern District of Indiana, a defendant insurance company argued that a bad faith claim against it should be dismissed because the conduct involved did not rise to the level of bad faith as it involved only a good faith dispute about insurance coverage. *Sanyo Laser Prods., Inc. v. Royal Ins. Co. of Am.*, No. 1:03-cv-1151, 2003 U.S. Dist. LEXIS 20129, at *5-6 (S.D. Ind. Nov. 7, 2003). The court stated, "[w]hile it is true that Indiana courts have set a high threshold for establishing bad faith, Royal's argument would be more appropriate at the summary judgment stage than it is on a motion to dismiss." *Id. at *13*. The court denied [**22] the motion to dismiss finding that requiring the plaintiff to make specific allegations of bad faith and to plead the proper state of mind in the complaint would be tantamount to applying a heightened or fact pleading standard. *Id. at *13-14*. *See also United States ex rel. James Cape & Sons Co. v. Am. Home Assurance Co.*, No. 02 C 1903, 2004 U.S. Dist. LEXIS 24212, at *18 (N.D. Ill. Dec. 2, 2004).
>
> Here, MetLife argues that Linda's bad faith claim should be dismissed because it "cannot be predicated on the correct application of the insurance policy." (DE # 8 at 7.) While this argument may be appropriate at the summary judgment stage, *see Estate of Mintz v. Conn. Gen. Life Ins. Co.*, 905 N.E.2d 994, 1000 n. 2 (Ind. 2009), at this stage, Linda has had no opportunity or obligation to show whether or not MetLife applied the policy correctly. For the above reasons, MetLife's motion to dismiss the bad faith claim is **DENIED**.[3]

---

[3] Historically district judges afforded prior decisions within their districts great deference. Although this practice has eroded over time, for the reason shown below, application of a notice pleading standard to bad faith claims in the federal district

### IV. Dismissal of McGonigal's Complaint on Pleading Technicalities Undermines Indiana Substantive Law.

Attorneys and jurists will search in vain to find a single Indiana appellate decision affirming dismissal of a bad faith claim under Ind. Trial Rule 12(B)(6). This fact alone suggests that the Court's entry denying reconsideration constitutes manifest error. Dismissal of the "bad faith" claims invoke serious questions regarding implications of the Erie Doctrine. *Erie R.R. v. Tomkins,* 304 U.S. 64 (1938). This doctrine is designed to curtail forum shopping and bring uniformity between federal and state courts within the same district. It holds that in federal court, state substantive law, along with federal procedural law, govern. However, the sort of problem presented here arises where the lines between the two are not always clearly drawn.

McGonigal acknowledges that the procedural requirements of pleading in the federal courts are more stringent than those applied by Indiana state courts. However, this fact alone by no means justified dismissal of plaintiff's complaint and refusal to consider McGonigal's amended complaint buttressed by the benefit of some discovery. As pointed out above, virtually all of the case law relied upon by the insurance company defendants dealt with pleading generally. Virtually no consideration was given to how an Indiana state or appellate court would deal with a motion attacking the allegations contained in the complaint. While the Federal

---

courts is not only warranted, but in keeping with the Erie Doctrine. *See generally:* Daniel J. Bussel, *Power, Authority and Precedent in Interpreting the Bankruptcy Code,* 41 UCLA L. Rev. 1063, 1095 (1994) (collecting cases illustrating deference); *see also,* Joseph W. Mead, *Stare Decisis in the Inferior Courts of the United States,* Nev. Law Jour. Vol. 12:787, 801 (additional collected cases).

Rules of Civil Procedure may supplant state law, the issue must be one "rationally capable of classification" as procedure. *Hanna v. Plumer,* 380 U.S. 460, 472 (1965). Consequently, in *Hanna,* the federal rules concerning service of process trumped state court procedural rules which required "in hand" service. Clearly, the issue was purely procedural.

 That is not the case here. The court created error in conflating *how* a bad faith claim is alleged with *what* constitutes a bad faith claim. Thus, the District Court decisions cited previously all recognize that sorting out whether an insurance company has acted in bad faith should be determined at a minimum on summary judgment rather than on pleading technicalities. This is so because the inquiry necessarily involves evidence concerning the insurer's intent or "state of mind" when denying a claim. Inquiry into bad faith is fact intensive. *Inman v. State Farm Mut. Auto Ins. Co.,* 981 N.E.2d 1202, 1207 (Ind. 2012). Such issues are not decided on hyper-sensitive pleading requirements.

 Indiana state courts are remarkably deferential in deciding insurance "bad faith" claims on the merits–at least through the summary judgment stage. By example, in *Mid-Century Ins, Co. v. Estate of Morris,* an insurance company's effort to head off a bad faith claim by filing a declaratory judgment action seeking a determination that it acted in "good faith," in refusing to settle a claim for policy limits within seven days of the limits demand, was found inappropriate. 966 N.E. 2d 681, 685 (Ind. Ct. App. 2012). Likewise, *Pistalo v. Progressive Cas. Ins. Co.* approved the filing of a direct action alleging bad faith against an insurance

company for bad faith when the injured plaintiff took an assignment from the estate upon learning of the insured's death, even though the plaintiff filed no claim against the estate. 938 N.E. 2d 152 (Ind. Ct. App.) (*trans. denied).*

V. **Conclusion.**

In sum, McGonigal's "disappointment" stems solely from the fact that the Court's entry denying its motion to reconsider in essence constituted a summary judgment. The Court's observation that a "new cause of action does not arise every time an insurance claim is erroneously denied" can be read no other way. [Dkt. 82, p. 6]. Whether the defendants acted in bad faith is inherently a factual determination and not one which can be based upon the pleadings alone. Even more troubling is that the Court found that McGonigal did not act diligently in pursuing and re-pleading its bad faith claims. *Id.* at p. 4. This, despite the fact that the deadline to amend pleadings expired before the court granted the motions to dismiss and further ignored the reality that presenting a bad faith case often requires intense discovery. [Compare Dkt. 20 with Dkt. Nos. 41 and 68]. It is for this reason that such claims are properly decided, at the earliest, on summary judgment and not merely upon the pleadings. The issue of whether "notice pleading" sufficiently raises a bad faith claim against an insurance company in the district courts of Indiana should be certified for appeal.

                                                                          Respectfully submitted

Dated: April 26, 2017                /s/ Briane M. House
                                                 Briane M. House, Atty. No. 8287-30
                                                 SKILES DETRUDE
                                                 150 E. Market St., Ste. 200
                                                 Indianapolis, Indiana 46204
                                                 bhouse@skilesdetrude.com
                                                 (317) 321-2407
                                                 (317) 321-2414 (facsimile)
                                                 *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

     I hereby certify that a copy of the foregoing was served via ECF on April 26, 2017 to all counsel of record.

                                                 /s/ Briane M. House
                                                 Briane M. House