# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| H.E. McGONIGAL, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:15-cv-00549-TWP-DML |
| | ) |
| HARLEYSVILLE LAKE STATES INSURANCE | ) |
| COMPANY, and COREPOINTE INSURANCE | ) |
| COMPANY, | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON PLAINTIFF'S MOTION TO CERTIFY INTERLOCUTORY APPEAL

This matter is before the Court on Plaintiff H.E. McGonigal, Inc.'s ("McGonigal") Motion to Certify Interlocutory Appeal filed pursuant to 28 U.S.C. § 1292(b) (Filing No. 84). Following motions to dismiss filed by Defendants Harleysville Lake States Insurance Company ("Harleysville") and CorePointe Insurance Company ("CorePointe"), the Court dismissed McGonigal's claims for insurance bad faith against Harleysville and CorePointe (Filing No. 41; Filing No. 68). The Magistrate Judge denied McGonigal's request for leave to amend its Complaint because of McGonigal's lack of diligence in pursuing and pleading its bad faith claims and the unfair prejudice that would result against Harleysville and CorePointe (Filing No. 66). Thereafter, McGonigal asked the Court to reconsider the dismissal Orders and the Order denying leave to amend the Complaint. However, the Court denied the motion to reconsider because McGonigal failed to show an error of law or fact, and the Court, contrary to McGonigal's assertion, had not required a heightened pleading standard for McGonigal's bad faith claim (Filing No. 82 at 6). McGonigal now asks the Court to certify an interlocutory appeal of the Order denying

reconsideration to allow immediate appellate review. For the following reasons, the Court **DENIES** McGonigal's Motion to Certify Interlocutory Appeal.

## I. BACKGROUND

The Court provides only a brief background of the case in this Order because the parties are familiar with the background, and the issues are similar to those raised in McGonigal's motion to reconsider.[1]

In January 2015, McGonigal brought this action against CorePointe and Harleysville, asserting claims for breach of contract and breach of the duty of good faith and fair dealing in connection with insurance policies sold by CorePointe and Harleysville to McGonigal. McGonigal is an Indiana car dealership company located in Kokomo, Indiana. CorePointe is an insurance company based in Birmingham, Michigan, and Harleysville is an insurance company based in Harleysville, Pennsylvania. McGonigal purchased insurance policies from both CorePointe and Harleysville to cover losses incurred in its car dealership business.

Around January 18, 2013, McGonigal learned that approximately sixteen vehicles were fraudulently purchased with funds drawn on a McGonigal account, and McGonigal received no compensation for the vehicles. After discovering the loss, McGonigal submitted insurance claims to both CorePointe and Harleysville in accordance with the policies' terms. Even though McGonigal allegedly complied with the terms of the policies, and despite the loss allegedly being a loss covered by the policies, CorePointe and Harleysville denied McGonigal's claims.

Because of the denial of the claims, McGonigal filed its Complaint, seeking coverage for the loss and damages for the insurers' breach of contract and failure to act in good faith. On April 13, 2015, Harleysville filed a motion to dismiss, asserting that the Complaint failed to provide any

---

[1] This background section should look familiar to the parties because, in drafting this section, the Court borrowed heavily from the background section of its Order on McGonigal's Rule 54(b) motion for the sake of judicial efficiency.

factual basis to support a claim of insurance bad faith (Filing No. 5). On October 26, 2015, the Court granted Harleysville's motion to dismiss the bad faith claim against Harleysville (Filing No. 41). On January 4, 2016, CorePointe filed its motion to dismiss the bad faith claim asserted against CorePointe, asserting the same argument advanced by Harleysville—that the Complaint failed to provide any factual basis to support a claim of insurance bad faith (Filing No. 45).

More than a month after CorePointe's motion to dismiss was filed and almost four months after the Court's Order dismissing the bad faith claim against Harleysville, on February 23, 2016, McGonigal filed a motion requesting leave to amend its Complaint regarding its bad faith claims (Filing No. 49). This motion was filed after the deadline to amend the pleadings had expired. On July 18, 2016, the Court denied McGonigal's motion to amend the Complaint because of McGonigal's lack of diligence in pursuing and pleading its bad faith claims and the unfair prejudice that would result against Harleysville and CorePointe (Filing No. 66). Then on August 31, 2016, the Court granted CorePointe's motion to dismiss the bad faith claim asserted against CorePointe (Filing No. 68). Thereafter, McGonigal filed a motion to reconsider, asking the Court to vacate or amend the two dismissal Orders and the Order denying leave to amend the Complaint (Filing No. 69).

On April 18, 2017, the Court denied McGonigal's motion to reconsider, explaining that McGonigal failed to show an error of law or fact concerning dismissal of the bad faith claim and denial of leave to amend the Complaint (Filing No. 82). The Court further explained that, contrary to McGonigal's assertion, the Court had not required a heightened pleading standard for McGonigal's bad faith claim. Rather, McGonigal had failed to provide anything beyond a recitation of the elements of a cause of action or mere labels for its bad faith claim, and thus, it did not meet the pleading standard of Federal Rule of Civil Procedure 8. *Id.* at 5. The Court denied

3

the motion to reconsider because McGonigal simply showed its disappointment in and disagreement with the Court's reasoning and decision. Following the denial of the motion to reconsider, McGonigal filed its Motion to Certify Interlocutory Appeal on April 26, 2017.

## II. LEGAL STANDARD

> There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed. . . . Unless *all* these criteria are satisfied, the district court may not and should not certify its order to [the appellate court] for an immediate appeal under section 1292(b).

*Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 675–76 (7th Cir. 2000) (emphasis in original).

## III. DISCUSSION

In its Motion to Certify Interlocutory Appeal, McGonigal argues that it meets all the criteria for certifying an interlocutory appeal, asserting that its question is a controlling question of law—does pleading "bad faith" in the context of a dispute between an insured and insurer require anything more than "notice pleading?" ([Filing No. 85 at 2](#).)

McGonigal asserts that other district courts have not required a heightened pleading standard for asserting insurance bad faith claims and that notice pleading is the requirement. McGonigal explains that the question of what pleading standard applies is purely a legal question and one that has not been directly addressed by the Seventh Circuit.

Quoting *Sokaogon Gaming Enter. Corp. v. Tushi-Montgomery Assoc., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996), McGonigal asserts that its question is controlling because "its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." McGonigal explains that its bad faith claim is central to its "quest for complete relief," and thus, the question is controlling ([Filing No. 85 at 3](#)).

McGonigal further argues that immediately litigating the insurance bad faith claim on the merits "will certainly expedite this case. Otherwise, McGonigal will return to this forum after what it legitimately believes will be a successful appeal on this issue. Delaying that appeal until after conclusion of the contract claims raises the specter of serial litigation." *Id.* McGonigal asserts that the question is "contestable" because it raises an issue where there could be substantial ground for a difference of opinion, citing 28 U.S.C. § 1292(b), and the Defendants did not "cite[] authority specifically dealing with the appropriate standard applied to pleading a bad faith claim." *Id.* McGonigal concludes its argument by essentially rearguing its motion to reconsider regarding the appropriate pleading standard.

Harleysville responds to McGonigal's argument by explaining that, "[t]o demonstrate 'substantial ground for difference of opinion,' there must be an 'existence of a difficult central question of law which is not settled by controlling authority.'" ([Filing No. 88 at 6](#) (quoting *In re Brand Name Prescription Drugs Antitrust Litigation*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995).) Harleysville explains that there is no difference of opinion or dispute regarding the controlling law for the Court's Orders when deciding the motions that are now raised by McGonigal. Concerning the Order denying leave to amend the Complaint, Harleysville explains that the Order was fact-sensitive and cannot raise a question of law, which is required for an interlocutory appeal. Regarding the motions to dismiss, Harleysville notes that McGonigal asserts Rule 8 applies, the Defendants agree, and the Court applied Rule 8 and the controlling case law for Rule 8. Thus, there are no grounds for difference of opinion—it is not "contestable."

Harleysville additionally asserts that an immediate appeal of the Court's Orders will not materially advance the ultimate termination of the litigation because McGonigal's breach of contract claim is still pending and active. Fact discovery is closed and the claim is set for trial.

5

An interlocutory appeal would delay the resolution of the only pending claim. Harleysville further argues that McGonigal is actually attempting to certify the question surrounding dismissal of its bad faith claim, which was dismissed by the Court on October 26, 2015, more than eighteen months ago. Harleysville asserts that this lengthy delay clearly violates the requirement that the motion must be filed in the district court within a reasonable time after the order sought to be appealed was issued. *See Ahrenholz*, 219 F.3d at 675.

CorePointe responds to McGonigal's argument by focusing on the time between the Motion to Certify Interlocutory Appeal and the entry of the "order sought to be appealed," and argues that the delay was unreasonable. CorePointe briefly asserts that the statutory criteria for an interlocutory appeal are not met and then incorporates and adopts Harleysville's arguments.

Because it is dispositive of this Motion, the Court focuses first and only on the necessary element that the question to be certified must be "contestable," meaning there is "substantial ground for difference of opinion" on a controlling question of law. 28 U.S.C. § 1292(b). Each of McGonigal's arguments focuses on the pleading standard required to assert a claim for insurance bad faith. McGonigal complains that the Court required a heightened pleading standard instead of the typical "notice pleading" standard. McGonigal seems to rely on *Erickson v. Pardus*, 551 U.S. 89 (2007), to argue that the Court erred in its analysis. McGonigal points to the following language from *Erickson* to assert error: "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 93. McGonigal appears now to inconsistently take issue with *Twombly's* (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)) and *Iqbal's* (*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)) controlling nature; however, McGonigal ignores the fact that the very language it quotes from the *Erickson* decision is actually quoting from the *Twombly* decision.

*Erickson*, *Twombly*, and *Iqbal*, as well as Rule 8 are the controlling law for McGonigal's pleadings. The parties do not contest or dispute this. The Court applied these standards. The Court did not require a heightened pleading standard as McGonigal continues to argue *ad nauseam*. As *Erickson*, points out, and which McGonigal focuses on, "the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* at 93. "And the grounds upon which it rests" demands that some facts be pled to support the claim. McGonigal failed to meet this standard for its bad faith claim; instead, it pled only elements of the cause of action. The controlling law is clear, and there is no dispute concerning what that controlling law is. The Court correctly applied the controlling law. There is no substantial ground for difference of opinion on a controlling question of law. Thus, certification of an interlocutory appeal is not warranted.

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** McGonigal's Motion to Certify Interlocutory Appeal ([Filing No. 84](#)).

**SO ORDERED.**

Date: 6/5/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

7

DISTRIBUTION:

Joseph Andrew Samreta
SKILES DETRUDE
jsamreta@skilesdetrude.com

Richard Robert Skiles
SKILES DETRUDE
rskiles@skilesdetrude.com

Briane M. House
SKILES DETRUDE
bhouse@skilesdetrude.com

Edward F. Harney, Jr.
HUME SMITH GEDDES GREEN & SIMMONS
eharney@humesmith.com

John J. Piegore
SANCHEZ DANIELS & HOFFMAN LLP
jpiegore@sanchezdh.com

Timothy V. Hoffman
SANCHEZ DANIELS & HOFFMAN LLP
thoffman@sanchezdh.com